J-A20030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SETH WAYNE PRICE | : | |
| | : | |
| Appellant | : | No. 1289 WDA 2017 |

Appeal from the Judgment of Sentence January 29, 2016
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000006-2015,
CP-05-CR-0000123-2015, CP-05-CR-0000526-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED SEPTEMBER 07, 2018**

Seth Wayne Price appeals *nunc pro tunc* from the judgment of sentence, entered in the Court of Common Pleas of Bedford County, after entering a negotiated open guilty plea to two counts of possession of gas precursors,[1] two counts of possession with intent to deliver methamphetamine (PWID),[2] two counts of operating a methamphetamine laboratory,[3] two counts of risking catastrophe,[4] and one count each of simple possession,[5] possession of drug

---

[1] 35 P.S. § 780-113.1(a)(3).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113.4(a)(1).

[4] 18 Pa.C.S. § 3302(b).

[5] 35 P.S. § 780-113(a)(16).

paraphernalia,[6] driving under the influence of a controlled substance (DUI),[7] resisting arrest,[8] and simple assault.[9]  Upon careful review, we affirm.

This appeal stems from Price's operation of a methamphetamine laboratory and related activity.  First apprehended in early 2015 on charges pertaining to manufacturing and intending to distribute methamphetamine, Price entered a guilty plea on February 2, 2015 to the following charges:  (1) possession of precursors, (2) PWID, (3) operating a methamphetamine laboratory, (4) risking catastrophe, (5) simple possession of methamphetamine, (6) possession of drug paraphernalia, and (7) DUI.  This plea derived from a traffic stop wherein Price appeared sluggish, with bloodshot eyes.  When the officer asked Price if he had any weapons on him, in the process of reaching into his pocket for his pocketknife, he dropped a plastic container containing hypodermic needles.  Price admitted he had recently used heroin.  Also on his person was one gram of methamphetamine.  When searched, Price's car contained a one-pot reaction vessel used to produce methamphetamine, household lye, an instant cold pack, four pairs of

---

[6] 35 P.S. § 780-113(a)(32).

[7] 75 Pa.C.S. § 3802(d)(1)(i).

[8] 18 Pa.C.S. § 5104.

[9] 18 Pa.C.S. § 2701.

pliers, and eighteen inches of clear tubing. All of these are consistent with the manufacturing of methamphetamine.

Price made bail on February 2, 2015. He provided his probation officer a positive urine test for amphetamines on February 13, 2015, and failed to appear for his bail reporting appointment on February 27, 2015. After an on-duty police officer observed Price driving to various locations attempting to buy Claritin-D,[10] on March 2, 2015, police executed a search warrant at Price's residence, which uncovered that Price had again commenced the operation of a methamphetamine laboratory. Inside the residence, officers discovered Claritin-D, Coleman fuel, iodized salt, a drain opener, and instant cool packs, along with 230 grams of methamphetamine. During the search, Price jumped out of a window and fled the scene. Others in the house, future co-defendants, asserted during the search that Price threatened them into buying various supplies for the production of methamphetamines.

Price entered his second guilty plea to the following: (1) possession of gas precursors, (2) PWID, (3) operating a methamphetamine laboratory, (4) risking catastrophe, (5) resisting arrest, and (6) simple assault[11] on December 22, 2015. On January 29, 2016, the trial court sentenced him to an aggregate term of 14 to 32 years' imprisonment. Price filed post-sentence motions on February 8, 2016, which the trial court denied. On March 18, 2016, trial

_____

[10] Claritin-D is a commonly sought-after drug used in the manufacturing of methamphetamine.

[11] Price's simple assault charge arose from an altercation with another inmate.

counsel filed a notice of appeal, request for transcript and application to proceed in *forma pauperis*. On July 5, 2016 and September 8, 2016, counsel sought extensions of time to file an appellate brief. On November 14, 2016, Price's appeal was dismissed for failure to file a brief. On May 9, 2017, the court reinstated Price's appellate rights *nunc pro tunc*. Subsequently, Price filed his notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. He presents the following issues for our review:

1. Whether the trial court erred and abused its discretion by the imposition of a clearly unreasonable and manifestly excessive sentence by sentencing Price to consecutive terms of statutory maximums, without consideration of relevant sentencing criteria as set forth in 42 Pa. C.S.A. § 9721(b)?

2. Whether the trial court erred and abused its discretion by the imposition of consecutive terms of statutory maximum sentences, which resulted in wholly disparate and recognizably disproportionate sentences between similarly situated co-defendants without justification, as each co-defendant received a deviation below the standard range of the sentencing guidelines for the same offense?

Appellant's Brief, at 4 (edited for clarity).

Our standard of review regarding challenges to the discretionary aspects of sentencing is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgement. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test, examining: (1) whether the appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify the sentence; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentencing pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.[12] *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Price filed a timely notice of appeal *nunc pro tunc* and preserved his discretionary challenge by way of a post-sentence motion for reconsideration of sentence. Price also included in his brief a Rule 2119(f) concise statement of reasons for allowance of appeal. *See* Brief of Appellant, at 11-15. Having determined Price has satisfied the necessary procedural

---

[12] 42 Pa.C.S.A. §§ 9701-9799.75.

dictates, our analysis turns to whether he has raised a substantial question regarding his sentence.

We determine the existence of a substantial question on a case-by-case basis. A substantial question exists only when

> the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. Additionally, we cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Diehl*, 140 A.3d 33, 34-45 (Pa. Super. 2016) (internal citations omitted).

Price avers in his Rule 2119(f) statement that the trial court abused its discretion in sentencing him to an aggregate term of 14 to 32 years' imprisonment comprised of two consecutive sentences, because that constituted "an aggregate sentence that was so manifestly excessive as to constitute too severe a punishment." Appellant's Brief, at 14.

It is well settled that defendants who enter guilty pleas may only challenge the legality of their sentences and validity of their pleas on appeal. *Commonwealth v. Luketic*, 162 A.3d 1149, 1159 (Pa. Super. 2017). However, some defendants retain the right to challenge the discretionary aspects of their sentence.

> A defendant, who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court *carte blanche* to impose a discriminatory, vindictive or excessive sentence so long as the

legal limits are not exceeded. Obviously, the entry of a guilty plea does not preclude a petition for allowance of appeal of discretionary aspects of a sentence subsequently imposed.

*Id.*, quoting *Commonwealth v. Dalberto*, 648 A.2d 16, 20 (Pa. Super. 1994) (emphasis omitted).

In Price's Rule 2119(f) statement, he claims, generally, that: (1) consecutive terms of maximum sentences without regard to his rehabilitative needs resulted in a manifestly excessive sentence; (2) the trial court failed to consider his individualized circumstances; (3) the sentencing court imposed a sentenced in the aggravated range without considering mitigating factors; and (4) the trial court focused solely on the seriousness of the offense in crafting his sentence.

Preliminarily, we note, sentences must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In reviewing the record, this Court must consider the nature of the offense, along with the history and characteristics of Price; the opportunity of the sentencing court to observe Price; the findings upon which the sentence was based; and sentencing guidelines. *See* 42 Pa.C.S. § 9781(d).

The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the trial court. *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). Further, the court's discretion in imposing consecutive rather than concurrent sentences does not raise a

substantial question regarding the discretionary aspects of sentencing. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 586 (Pa. Super. 2010). Rather, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Id.*** at 587; ***see also Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (finding that "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh"). Accordingly, we find Price's claim that his aggregate sentence of 14 to 32 years' imprisonment raises a substantial question; however, his claim warrants him no relief.

Price's consecutive sentences are reasonable in light of his prior convictions, repeated criminal behavior while on bail for the same crimes, and complete disregard for the community's safety in running an inherently dangerous methamphetamine laboratory. The consecutive sentences are not unduly harsh, and the aggregate sentence imposed was not inappropriate or contrary to a fundamental norm underlying the Sentencing Code.

Price also argues that this imposition of consecutive statutory maximums on him was erroneous because his co-defendants' sentences were comparatively light. This relates to the individualized nature of sentencing. ***See generally Luketic***, ***supra***. Price's argument that his sentence was disproportionate to his "similarly situated" co-defendants is without merit

because, in fact, they were not similarly situated. The trial court found Price to be the "major player" in this instance. N.T. Sentencing Hearing, 1/29/16, at 28. Further, no other defendant pled guilty to the operation of a methamphetamine lab and while on bail for that charge established another laboratory, while testing positive for methamphetamines. To argue the co-defendants were "similarly situated" is wholly inaccurate.

Moreover, Price's argument that the trial court sentenced him to consecutive statutory maximum sentences is also inaccurate. The judge informed Price in open court, before he signed each of his pleas, of the possible maximum sentences. In the first matter, post-DUI, the court asked, "do you understand for all of the offenses put together that a maximum sentence could be imposed of . . . a rough estimate of thirty-five years?" N.T. Guilty Plea Hearing, 2/2/15, at 8. Price stated he understood. *Id.* In the subsequent case, the court informed Price of the maximum penalties it could impose on him for PWID, possession of gas precursors, operating a methamphetamine laboratory, risking catastrophe, and resisting arrest, that, even if imposed concurrently, would have been a maximum of fifteen years. *See* N.T. Sentencing Hearing, 12/22/15, at 9-10. The court asked, "[a]nd do you understand that I could impose these sentences consecutive to the sentence you've already pled guilty to?" *Id.* at 11. Price stated he understood. *Id.* Thus, while Price received a sentence of 14 to 32 years' imprisonment, the

statutory maximum was 50 years. As such, Price's sentence was within the sentencing guidelines and did not violate any norms of sentencing.[13]

Price next argues that the trial court's sentence failed to account for Price as an individual and consisted of statutory maximums "without consideration of relevant sentencing criteria." Appellant's Brief, at 16. In so doing, Price claims, the trial court failed to consider his rehabilitative needs during sentencing. *Id.* at 13. First, "[a] claim that a sentencing court ignored the foregoing mandates and sentenced a defendant without taking into account his or her character and background . . . raises a substantial question that the sentence is inappropriate under the Sentencing Code." *Luketic*, *supra*, at 1162, citing *Commonwealth v. Goggins*, 748 A.2d 721, 727-28 (Pa. Super. 2000). In addition, a claim that the sentencing court failed to consider a defendant's rehabilitative needs also raises a substantial question. *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010). Therefore, we proceed with a review of Price's second issue on the merits.

The trial court considered Price as an individual in its sentencing, including his rehabilitative needs. The court was equipped with a Presentence Investigation Report (PSI). As evidenced by the trial court's statements at

---

[13] We note that generally, a claim that a defendant's sentence exceeds the statutory maximum challenges the legality of the sentence. *Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa. Super. 2007) ("Claims that the sentence fell 'outside of the legal parameters prescribed by applicable statute'" constitute challenges to the legality of a sentence."). Price's sentence does not exceed the statutory maximum, and thus, we need not address whether his sentence is illegal.

sentencing, Price's prior record, two robbery convictions and one burglary conviction, contributed to his sentence. In addition, Price committed crimes while he was out on bail after pleading guilty to essentially the same activities. He also tested positive for methamphetamine while out on bail, and assaulted another inmate while incarcerated. These factors led to an individualized sentence for Price; each incident indicated to the trial court that a longer sentence was necessary. The court stated

> [w]hen I have to view the things on the gravity of the offenses, the *rehabilitative needs* of the defendant. And . . . the protection of the public. I mean what really weighs on me here is the protection of the public [rather] than the gravity of the offenses . . . I think your choices are reckless. . . . I think your actions constitute you as [a] danger to the public.

N.T. Sentencing Hearing, 1/29/16, at 33 (emphasis added). Thus, the trial court's decision was consistent with the protection of the public, the gravity of the offenses as they related to the impact on the community, and the rehabilitative needs of the defendant. *See* 42 Pa.C.S. § 9721(b). Accordingly, Price's arguments that his sentence was not individualized and/or that the trial court focused only on the seriousness of the offense is without merit. Accordingly, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

- 11 -

J-A20030-18


Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/7/2018